IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEREMY GARRETT, | CASE NO. 2:08-cv-422 |
| | JUDGE WATSON |
| Petitioner, | MAGISTRATE JUDGE KEMP |

v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

  **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. 2244(d).

### PROCEDURAL HISTORY

The Ohio Seventh District Court of Appeals summarized the facts and procedural history of this case as follows:

> On February 6, 2006, a police officer's affidavit and complaint was filed in the Belmont County Court charging appellant with knowingly causing or attempting to cause physical harm to Barbara Jean Garrett, a family member (his wife), in violation of R.C. 2919.25(A). The complaint noted that the domestic violence offense was a third degree felony due to two prior convictions of domestic violence: one in Belmont County Court on March 16, 2001 and one in Belmont County Common Pleas Court on October 28, 2005.

Upon bind over to the Belmont County Common Pleas Court for grand jury indictment, appellant waived his right to indictment and agreed to proceed on a bill of information. The bill of information charged appellant with the same domestic violence charge set forth in the complaint and added a third degree felony charge of escape due to his breaking detention from the Eastern Ohio Correctional Center in violation of R.C. 2921.34(A)(1).

On February 28, 2006, appellant pled guilty as charged, and the state agreed to recommend a six-year sentence. The court accepted appellant's pleas after reviewing his various rights. The court then sentenced appellant to a maximum sentence of five years for third degree felony domestic violence to run consecutively to a minimum sentence of one year for third degree felony escape. (Appellant also admitted a community control violation at the hearing and was sentenced in that case to eighteen months to run concurrent to the sentences in this case.) The court's sentencing entry was filed on March 8, 2006. No appeal was filed from this entry.

On October 10, 2006, appellant filed a petition for post-conviction relief. He alleged that: the court should not have imposed consecutive sentences with a maximum sentence for domestic violence; the court failed to provide sufficient statutory findings and reasons at the sentencing hearing; *Blakely* prohibited such judicial fact-finding anyway; and he should have thus received minimum, concurrent sentences. He also claimed that he was originally planning to plead to escape and fourth degree felony domestic violence but the court instructed the prosecutor that the offense was a third degree felony due to the two prior convictions. He urged that this *sua sponte* statement constituted interference with the prosecutor's discretion. Finally, he urged that his prior counsel was ineffective for failing to raise the above issues.

On November 20, 2006, the trial court overruled appellant's petition without an evidentiary hearing. The court made lengthy findings of fact and conclusions of law. The court found that it made sufficient findings at the sentencing hearing and that the findings are no longer mandatory under *State v.*

2

> *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. The court further stated that the record shows that appellant was originally charged with a third degree felony, not a fourth degree felony as he suggests. The court alternatively noted that the court is not bound by a plea agreement. The court also pointed out that it had in fact honored the prosecutor's recommended sentence. Next, the court stated that appellant's claims should have been raised on appeal and that he is barred by *res judicata* from raising issues in a post-conviction petition that could have been raised at trial or on appeal. *See State v. Reynolds* (1997), 79 Ohio St.3d 158, 161 (it is established that, pursuant to *res judicata*, a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised the issue on direct appeal).
>
> Appellant filed timely notice of appeal from the denial of the post-conviction relief petition. He filed a *pro se* brief on March 29, 2007. Therein, appellant reiterates his arguments from below but adds multiple grounds for relief and factual allegations that were not presented to the trial court. After appellant's brief was filed, this court granted leave for newly retained counsel to file a supplemental brief, which was filed on May 10, 2007. This brief merely reiterates appellant's own arguments and adds a request for resentencing under *Foster*.

*State v. Garrett,* 2007 WL 4696851 (Ohio App. 7 Dist. December 28, 2007). On December 28, 2007, the appellate court dismissed petitioner's post conviction appeal, finding that it had not been timely filed. Although that ground was not relied on by the trial court, the appellate court noted that it was free to affirm the dismissal of a post-conviction action on a ground not addressed by the trial court. It therefore did not reach the merits of the post-conviction petition. *Id*. It does not appear that petitioner filed an appeal. See Petition.

On May 2, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

3

1. Denial of effective assistance of counsel.

For failure to investigate, protect my rights, file an appeal, and failure to object to an unlawful plea agreement and submit evidence to present a credible claim of actual innocence.

2. Denial of right of appeal.

Counsel failed to file an appeal.

3. Conviction obtained by a coerced confession to accept a[n] unlawful plea.

Counsel coerced me into accepting a plea of guilt, otherwise I was facing 20 plus years in prison, and insisted that I had nothing to worry about, that in fact on an appeal, I would have my conviction reversed. (But yet he never filed one.)

4. The facts on record, and the now recent new evidence which has surfaced will show that I am actually innocent.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

>from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on April 7, 2006 - *i.e.,* thirty days after the trial court's March 8, 2006, judgment entry of sentence -when the time period expired to file a timely appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on April 7, 2007. Petitioner's October 10, 2006, post conviction petition did not toll the running of the statute of limitations, because the state appellate court dismissed petitioner's post conviction appeal as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *see State v. Garrett, supra.* Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir.2004) (citations omitted). While actual innocence may justify equitable tolling of the statute of limitations, *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the record does not reflect a showing of actual innocence such that equitable tolling of the statute of limitations is warranted.

5

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90. Petitioner has not met this standard here.

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      /s/ Terence P. Kemp
      United States Magistrate Judge