FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2008 JUN 16  P 3: 02

JEREMY GARRETT,

    Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:08-cv-422
JUDGE WATSON
MAGISTRATE JUDGE KEMP

### OPINION AND ORDER

On May 14, 2008, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as untimely arguing that he instead is entitled to a judgment in default because respondent failed to respond to the allegations in his habeas corpus petition. This argument lacks merit.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

    Preliminary Review; Serving the Petition and Order

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court , the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Thus, the Magistrate Judge, upon properly conducting a preliminary review of petitioner's habeas corpus petition, determined that the petition plainly is time-barred and therefore recommended dismissal of this action on that basis.

Petitioner does not dispute that his habeas corpus action is untimely, but asserts that equitable tolling of the statute of limitations is appropriate based upon his actual innocence. He complains that he should have been given an opportunity to provide new evidence of his actual innocence. *See Objections*. However, petitioner does not indicate the nature of any alleged new evidence establishing his actual innocence, and the record is entirely without support for such a claim such that equitable tolling of the statute of limitations would be appropriate. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court notes that petitioner pleaded guilty to the charges in this case. *See State v. Garrett*, 2007 WL 4696851 (Ohio App. 7th Dist. December 28, 2007).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons, and for reasons

detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON
United States District Judge

3